UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 15-33479 |
| Rabbe Farms LLP, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re: | Case No.  15-33481 |
| Rabbe Ag Enterprises, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re: | Case No.  15-33482 |
| North Country Seed LLC, | Chapter 11 |
| Debtor. | |

## NOTICE OF HEARING AND JOINT MOTION FOR AN ORDER (I) GRANTING AN EXPEDITED HEARING AND (II) AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

TO:    The parties in interest as specified in Local Rule 9013-3(a)(2).

1.    Rabbe Farms LLP ("**Rabbe Farms**"), Rabbe Ag Enterprises ("**Rabbe Ag**"), and North Country Seed, LLC ("**NCS**"), as debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), file this motion (this "**Motion**") requesting the relief described below and give notice of hearing.

2.    The Court will hold a hearing on the Motion at 10:30 a.m. (prevailing Central time) on October 6, 2015 in Courtroom 8W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

1

3.     Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought herein, the Debtors do not object to written responses being served and filed up to two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. On September 29, 2015, Rabbe Farms, Rabbe Ag and NCS each filed voluntary petitions under chapter 11 of title 11 of the United States Code. The cases are currently pending in this Court.

5.     This Motion arises under Bankruptcy Rule 1015, and is filed under Local Rules 9013-1, 9013-2 and 9013-3. Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 9013 and Local Rules 9013-2 and 9013-3. The Debtors request entry of an order granting expedited relief and authorizing joint administration of the Debtors' chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

6.     The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed.

7.     Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Joel Rabbe, which is incorporated herein by reference.

8.     All of the Debtors are related entities and affiliates of each other.

2

9.    In these chapter 11 cases, joint administration is appropriate and will facilitate the practical administration of the cases and restructuring of each Debtor.  Many of the legal issues likely to arise in these cases will be common to all the Debtors, and the Debtors expect to execute a comprehensive strategy for exiting the chapter 11 cases.

10.    In addition, throughout these chapter 11 cases, the Debtors intend to file a number of motions, applications and other pleadings intended to apply to all of the Debtors' chapter 11 cases.  The joint administration of these cases, including combining notices to creditors of the respective estates and hearing of these matters related to all of the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

11.    The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration of the Debtors' chapter 11 cases because this Motion requests only administrative consolidation and not substantive consolidation of the Debtors.  All of the Debtors' creditors will benefit by the reduced costs resulting from joint administration.  This Court, too, will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Supervision of the administrative aspects of the Debtors' cases by the U.S. Trustee will also be simplified.

## RELIEF REQUESTED

12.    By this Motion, the Debtors seek entry of an order substantially in the form filed herewith directing joint administration of these cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

13.     Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' cases under the lead case of Rabbe Farms LLP and that the cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | **Jointly Administered Under Case No. 15-33479** |
| RABBE FARMS LLP, et al, | Court File No. 15-33479 |
| Debtors, | |
| (includes: | Court File Nos. |
| Rabbe Ag Enterprises, North Country Seed LLC) | 15-33481 15-33482 Chapter 11 Cases Judge Kathleen H. Sanberg |

---

1.     The Debtors also request that the order granting the Motion also contain the following provisions which the Debtor understand comport with the local practice for jointly administered chapter 11 cases:

IT IS HEREBY ORDERED:

    1.     These cases shall be jointly administered in the following respects:

        a.     All further documents shall be captioned in a fashion identical to the caption of this order.

        b.     Only one copy of all further documents need be filed, and all documents shall be filed and docketed in *In re Rabbe Farms, LLP*, BKY 15-33479.

        c.     The clerk of this court shall maintain the separate electronic records for *In re Rabbe Ag Enterprises*, BKY 15-33481; and *In re North Country Seed, LLC*, BKY 15-33482,

4

in an open status pending further order of the court.

d.    The Debtors and the United States Trustee may stipulate to the submission of one disclosure statement and plan of reorganization encompassing the three cases. The disclosure statement shall include a separate liquidation analysis for each Debtor, unless otherwise ordered by the court.

e.    At the United States Trustee's election in his discretion, one creditors' committee may be appointed for all five cases, with members drawn from all three cases, or separate committees may be appointed for all three cases.

f.    The Debtors shall file Monthly Operating Reports as may be arranged between them and the United States Trustee. Those parties may agree to allow the filing of a single, joint monthly operating report for all of the Debtors with segregated data specific to each Debtor. Each Debtor shall remain liable for its own United States Trustee fees required under 28 U.S.C. § 1930(a)(6).

g.    At the United States Trustee's election in his discretion, any future meetings of creditors may be scheduled and conducted jointly. The arrangements for such shall be finalized and communicated to the clerk of this court before the issuance of all notices.

h.    One cumulated mailing matrix shall be maintained for all three cases, which the Debtors' counsel shall submit *in a complete and comprehensive form* as soon as required under applicable rule. The matrix shall be maintained in the electronic record for BKY 15-33479.

i.    Separate claims registers shall be maintained henceforth for all claims in all three cases.

> Counsel for the Debtors shall consult with
> the United States Trustee and the clerk of
> this court to prepare applicable forms,
> notices, and procedures to effectuate this
> provision (including a standard form for a
> proof of claim specific to these cases, and
> instructions for submitting proofs of claim).

2.      Nothing in this order shall be construed to effectuate a substantive consolidation

of these cases and their estates.  The estates in these cases shall not be consolidated

before a motion for such relief is made and granted.

3.      The clerk of this court shall enter this order on the docket of each of the Debtors'

cases and shall make the following docket entry in each case:

> An order has been entered in this case in accordance
> with Rule 1015(b) of the Federal Rules of
> Bankruptcy Procedure directing the joint
> administration of the chapter 11 cases of Rabbe
> Farms LLP, Rabbe Ag Enterprises, and North
> Country Seed, LLC.  The docket in Case No. 15-
> 33479 should be consulted for all further documents
> filed and all matters affecting these cases.

Notice of the entry of this order will be given via CM/ECF and the clerk of this court shall

transmit a copy of it to the twenty largest creditors in each case as listed by the Debtors.

## REQUEST FOR EXPEDITED RELIEF

14.      Expedited relief is appropriate in these cases.  The decisions regarding joint

administration and restricted service should be made early in the cases so that the parties

understand how the cases will be administered and avoid unnecessary cost and confusion.

15.      Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a

memorandum of law, proposed order and proof of service.

16.     Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary, call Joel Rabbe, Chief Restructuring Officer of Rabbe Farms, to testify at the hearing on the Motion regarding the facts set out herein.

### NO PREVIOUS REQUEST

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of an order:

A.     granting an expedited hearing;

B.     authorizing joint administration of the Debtors' chapter 11 cases; and

C.     granting such other relief as the court may deem just and equitable.

Dated: October 2, 2015

LAPP, LIBRA, THOMSON,
STOEBNER & PUSCH, CHARTERED

/e/ Ralph V. Mitchell
Ralph V. Mitchell (#184639)
120 South Sixth Street
Minneapolis, MN 55402
(612) 338-5815
PROPOSED ATTORNEYS FOR DEBTORS

### VERIFICATION

I Joel Rabbe, verify that the facts contained in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated: October 1, 2015

Joel Rabbe

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Case No. 15-33479

Rabbe Farms LLP,                                Chapter 11

                    Debtor.

In re:                                          Case No.  15-33481

Rabbe Ag Enterprises,                           Chapter 11

                    Debtor.

In re:                                          Case No.  15-33482

North Country Seed LLC,                         Chapter 11

                    Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER
AUTHORIZING JOINT ADMINISTRATION OF CASES**

The Debtors in these three cases request an order authorizing joint administration of the

cases. The facts supporting this request for relief are set out in the Debtors' verified Motion for

Order Authorizing Joint Administration of Cases (the "Motion"). Capitalized terms not otherwise

defined herein have the meanings ascribed to them in the Motion.

**LEGAL ANALYSIS**

**I.      Joint Administration of the Debtors' Cases is Appropriate.**

Joint administration of related cases is governed by Bankruptcy Rule 1015(b). That Rule

provides:

1

> If a joint petition or two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. Fed. R. Bankr. P. 1015.

The term "affiliate" is defined in § 101(2) of the Bankruptcy Code, in relevant part, as follows:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor, other than an entity that hold such securities…

> (B) [a] corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor…
> 11 U.S.C. § 101(2).

Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights as to each estate are preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765,767 (Bankr. E.D. N.Y. 1983).

In these cases, joint administration is appropriate and should be ordered because the Debtors are affiliates, as defined in § 101(2), of each other. In addition, although they are three separate legal entities, the Debtors have common management and have some common creditors. Creditors will not be prejudiced by joint administration of these cases. Proceeds of the assets of each of the Debtors will be segregated for the purpose of paying creditors of each estate. Substantial administrative costs will be saved in joint administration of the cases.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order authorizing joint administration of these chapter 11 cases.

Dated: October 2, 2015

LAPP, LIBRA, THOMSON,
STOEBNER & PUSCH, CHARTERED

*/e/ Ralph V. Mitchell*
Ralph V. Mitchell (#184639)
120 South Sixth Street
Minneapolis, MN  55402
(612) 338-5815
PROPOSED ATTORNEYS FOR DEBTORS

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                              **Jointly Administered Under**
                                                    **Case No. 15-33479**
RABBE FARMS LLP, et al,                             Court File  No. 15-33479

           Debtors,

(includes:                                          Court File Nos.

Rabbe Ag Enterprises,                               15-33481
North Country Seed LLC)                             15-33482
                                                    Chapter 11 Cases
                                                    Judge Kathleen H. Sanberg

---

<u>ORDER AUTHORIZING JOINT ADMINISTRATION</u>

---

At Minneapolis, Minnesota
October 6, 2015

These chapter 11 cases came before the court at Minneapolis, Minnesota on October 6,

2015 on the Debtors' motions for joint administration and expedited hearing.  Appearances were

noted in the record.  Upon the moving documents and the record made at the hearing,

IT IS HEREBY ORDERED:

1.      These cases shall be jointly administered in the following respects:

a.      All further documents shall be captioned in a
fashion identical to the caption of this order.

b.      Only one copy of all further documents need
be filed, and all documents shall be filed and
docketed in *In re Rabbe Farms, LLP,* BKY
15-33479.

c.      The clerk of this court shall maintain the
separate electronic records for *In re Rabbe
Ag Enterprises,* BKY 15-33481*;* and *In re
North Country Seed, LLC,* BKY 15-33482,

1

in an open status pending further order of the court.

d.      The Debtors and the United States Trustee may stipulate to the submission of one disclosure statement and plan of reorganization encompassing the three cases. The disclosure statement shall include a separate liquidation analysis for each Debtor, unless otherwise ordered by the court.

e.      At the United States Trustee's election in his discretion, one creditors' committee may be appointed for all five cases, with members drawn from all three cases, or separate committees may be appointed for all three cases.

f.      The Debtors shall file Monthly Operating Reports as may be arranged between them and the United States Trustee. Those parties may agree to allow the filing of a single, joint monthly operating report for all of the Debtors with segregated data specific to each Debtor. Each Debtor shall remain liable for its own United States Trustee fees required under 28 U.S.C. § 1930(a)(6).

g.      At the United States Trustee's election in his discretion, any future meetings of creditors may be scheduled and conducted jointly. The arrangements for such shall be finalized and communicated to the clerk of this court before the issuance of all notices.

h.      One cumulated mailing matrix shall be maintained for all three cases, which the Debtors' counsel shall submit *in a complete and comprehensive form* as soon as required under applicable rule. The matrix shall be maintained in the electronic record for BKY 15-15-33479.

i.      Separate claims registers shall be maintained henceforth for all claims in all three cases. Counsel for the Debtors shall consult with

the United States Trustee and the clerk of
this court to prepare applicable forms,
notices, and procedures to effectuate this
provision (including a standard form for a
proof of claim specific to these cases, and
instructions for submitting proofs of claim).

2.        Nothing in this order shall be construed to effectuate a substantive consolidation

of these cases and their estates.  The estates in these cases shall not be consolidated before a

motion for such relief is made and granted.

3.        The clerk of this court shall enter this order on the docket of each of the Debtors'

cases and shall make the following docket entry in each case:

An order has been entered in this case in accordance
with Rule 1015(b) of the Federal Rules of
Bankruptcy Procedure directing the joint
administration of the chapter 11 cases of Rabbe
Farms LLP, Rabbe Ag Enterprises, and North
Country Seed, LLC.  The docket in Case No. 15-
33479 should be consulted for all further documents
filed and all matters affecting these cases.

4.        Notice of the entry of this order will be given via CM/ECF and the clerk of this

court shall transmit a copy of it to the twenty largest creditors in each case as listed by the

Debtors.

Dated:                                                    BY THE COURT

_____
Kathleen H. Sanberg
United States Bankruptcy Judge

3